UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PORSCHE CARS NORTH AMERICA, INC.,
PLASTIC COOLANT TUBES PRODUCTS
LIABILITY LITIGATION

MDL No. 2233

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the Southern District of New York action has moved for coordinated or consolidated pretrial proceedings of the four actions listed on Schedule A in the Southern District of New York.[1] All responding plaintiffs agree centralization is appropriate, but disagree on the appropriate transferee district variously supporting the Southern District of New York, the Northern District of California, the Southern District of Ohio or the Northern District of Georgia. Common defendant Porsche Cars North America, Inc. (Porsche) opposes centralization. If the Panel deems centralization appropriate, Porsche favors selection of the Northern District of Georgia as transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve similar factual and legal allegations concerning the allegedly defective nature of the plastic coolant tubes on Porsche's Cayenne model. In opposition to centralization, defendant Porsche argues that unique questions of fact in each action as to each vehicle's history, including age and owner usage, will predominate over common factual issues. We recognize that, as in all products liability litigation, some unique questions of fact will be involved in each action. In the cases now before the Panel, however, complex discovery and other pretrial proceedings about the design of the Cayenne's plastic cooling tubes and Porsche's marketing of this vehicle will be common to all actions. While the exact number of Cayenne vehicles with plastic cooling tubes sold by Porsche is in dispute, additional related actions will likely be filed. Centralization, thus, will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Accordingly, we find that centralization of these actions under Section 1407 in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

We have selected the Southern District of Ohio as the transferee district for this litigation, because this district is geographically centrally located for parties and witnesses in this nationwide

---

[*] Judge Frank C. Damrell and Judge Barbara S. Jones took no part in the disposition of this matter.

[1] The Panel has been notified that two related actions are pending as follows: one each in the Middle District of Florida and the Northern District of Georgia. These actions will be treated as potential tag-along actions, pursuant to Rule 7.1.

-2-

litigation and has the capacity to manage this MDL.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Gregory L. Frost for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           W. Royal Furgeson, Jr.
Paul J. Barbadoro

IN RE: PORSCHE CARS NORTH AMERICA, INC.,
PLASTIC COOLANT TUBES PRODUCTS
LIABILITY LITIGATION  MDL No. 2233

## SCHEDULE A

Northern District of California

David Graas, et al. v. Porsche Cars North America, Inc., C.A. No. 5:11-00514

District of New Jersey

Nicholas Spagnoletti v. Porsche Cars North America, Inc., C.A. No. 2:11-00218

Southern District of New York

Dane McIntosh v. Porsche Cars North America, Inc., C.A. No. 7:11-00068

Southern District of Ohio

Douglas Suter v. Porsche Cars North America, Inc., C.A. No. 2:11-00056